## COMMONWEALTH vs. GEORGE H. LEMAR.

Plymouth.   January 24, 1986. — May 7, 1986.

Present: ARMSTRONG, KAPLAN, & WARNER, JJ.

*Practice, Criminal*, Instructions to jury, Verdict.

In the circumstances of a District Court trial of a complaint charging that
   at divers times between specified dates the defendant three times com-
   mitted indecent assault and battery on a person under fourteen years of
   age, where there was sufficient proof to warrant a finding of guilt as to
   each episode, no substantial risk of a miscarriage of justice was presented
   by the judge's unobjected-to instructions which stated to the jury that
   they must act unanimously, but which did not state, in terms, that all
   six jurors must find for the Commonwealth as to one or more of the
   occurrences in order to convict the defendant. [171-173]

COMPLAINTS received and sworn to in the Brockton Division
of the District Court Department on January 2 and January 7,
1985, respectively.

On appeal to the jury session of the Wareham Division the
case was tried before *John M. Xifaras*, J.

*Richard Zorza*, Committee for Public Counsel Services, for
the defendant.

*John P. Corbett*, Assistant District Attorney, for the Com-
monwealth.

KAPLAN, J.   It was held in *Commonwealth* v. *King*, 387
Mass. 464, 467-469 (1982), that an indictment for sexual abuse
of a minor was sufficient although it charged the dates of the
commission of the offense in somewhat indefinite terms —
"on divers dates and times" between two stated dates spanning
more than a year and a half. This conclusion followed from
G. L. c. 277, § 34, which provides that any lack of information
in the indictment as to time may be supplied upon a bill of
particulars.[1] See also Mass.R.Crim.P. 13(b), 378 Mass. 872

---

[1] Section 34, as appearing in St. 1979, c. 344, § 34, reads: "An indictment
shall not be dismissed or be considered defective or insufficient if it is

(1979). Cf. *Commonwealth* v. *Atkinson,* 15 Mass. App. Ct. 200, 203 (1983).

In the present case — which we present in outline form — the amended complaint, for trial at a jury-of-six session, followed the *King* case in charging in a single paragraph indecent assault and battery on a person under fourteen years, committed at divers times between July 28, 1984, and October 1, 1984.[2] The defendant demanded and was furnished a bill of particulars, and we may take it that the bill, read together with the substance of the Commonwealth's. evidence at trial, pictured criminal episodes that occurred on three separate dates between the dates mentioned in the amended complaint.[3] There was proof as to each of the three occurrences sufficient to go to the jury. The judge instructed the jury that they must act unanimously, but he did not state in terms that, to convict, all six jurors must find for the Commonwealth as to one or more of the occurrences; that it would not be enough, say, that three jurors were satisfied that the crime was committed on one occasion, while the other three were satisfied as to another occasion, without a convergence of the six jurors on either one.[4] At trial the defendant did not object to the instructions as given, or suggest any addition, but on this appeal he argues that the omission of a specific instruction was error which compels reversal of the judgment of conviction of the sexual offense.[5]

---

sufficient to enable the defendant to understand the charge and to prepare his defense; nor shall it be considered defective or insufficient for lack of any description or information which might be obtained by requiring a bill of particulars."

[2] The amended complaint does not appear of record, but can be reconstructed from the judge's instructions and a notation on the original complaint.

[3] The evidence centered upon events on July 28, August 4, and August 17, 1984. There is no claim of impermissible variance from the particularized charges. See G. L. c. 277, § 35.

[4] The Commonwealth agrees with the defendant that the convergence of all six on at least one occurrence is what is meant here by a unanimous verdict.

[5] The defendant was also convicted of the illegal possession of a firearm on a particular day. He makes no argument for reversal.

It is suggested sometimes that a jury using robust intuition and good common sense will understand and act on the understanding that a general instruction about unanimity implicitly calls for the more specific unanimity. See *Vitello* v. *United States*, 425 F.2d 416, 422 (9th Cir.) (two to one decision), cert. denied, 400 U.S. 822 (1970). (It would be not unreasonable to take that view here.) We shall assume, however, that a judge would be obliged to give a specific instruction if the defendant requested it in accordance with the normal procedure of Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979).[6] Suppose a specific instruction is not requested. The effect of Federal decisions (the question has had some vogue in Federal courts) is that a general instruction is enough to support a conviction, at least where the evidence with respect to each episode, incident, or the like was so strong as to defeat a motion for a required finding of not guilty. See *United States* v. *Mangieri*, 694 F.2d 1270, 1279-1281 (D.C. Cir. 1982); *United States* v. *Peterson*, 768 F.2d 64, 67-68 (2d Cir.) (Friendly, J.), cert. denied, 474 U.S. 923 (1985). See also *United States* v. *Natelli*, 527 F.2d 311, 324-325 (2d Cir. 1975), cert. denied, 425 U.S. 934 (1976); *United States* v. *Cunningham*, 723 F.2d 217, 227 (2d Cir. 1983), cert. denied, 466 U.S. 951 (1984). Cf. *United States* v. *Echeverry*, 719 F.2d 974 (9th Cir. 1983).

Even if the omission in these circumstances to provide an instruction with the nicer elucidation may be regarded as an error, it cannot be counted a "plain error" under Fed.R.Crim.P. 52(b), that is, an error so serious as to call for overturning a conviction.[7] See *United States* v. *Mangieri, supra* at 1280-1281;[8] *United States* v. *Peterson, supra* at 68. Our criminal

---

[6] Authority exists that a general instruction may suffice even where a specific instruction has been duly demanded. See *United States* v. *Natelli*, 527 F.2d 311, 324-325 (2d Cir. 1975), cert. denied, 425 U.S. 934 (1976).

[7] See 3A Wright, Federal Practice and Procedure § 856 (1982).

[8] Judge Wald in *Mangieri* (at 1281) notes that the local District of Columbia Court of Appeals may be taking a more drastic view. On that point, see *Johnson* v. *United States*, 398 A.2d 354, 368-370 (D.C. 1979); *Hawkins* v. *United States*, 434 A.2d 446 (D.C. 1981); *Hack* v. *United States*, 445 A.2d 634, 641 (D.C. 1982); *Davis* v. *United States*, 448 A.2d 242 (D.C. 1982).

rules have no category of "plain error." For us the cogent consideration would be that posed in *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967) — "whether there is a substantial risk of a miscarriage of justice." (See our recent treatment of the *Freeman* case in *Commonwealth* v. *Miranda, ante* 10, 16, 21-22 [1986].) We have predicated that there was evidence here on which a jury could find beyond a reasonable doubt that each of the three incidents charged had in fact occurred. It does not appear likely that the jury verdict would have been different, had the judge added to his instructions. We need not go so far as to suggest that the defense on the line of fire may have preferred the instruction as given, since that could suggest to the jury that all the incidents must be proved to the satisfaction of all six jurors, not merely one of the incidents, thereby somewhat improving the chances of an acquittal. Cf. *United States* v. *Natelli*, 527 F.2d at 327. On the whole we think the conviction should stand.

Problems of general instructions on unanimity may be avoided by charging the particular occurrences in separate counts where that is feasible. Otherwise the instructions can readily be framed in ordinary cases to define precisely the meaning of unanimity.

We are not drawn into the rarer question how far, in connection with certain crimes and certain arrays of facts, the jurors may individually find slightly differing facts and yet concur sufficiently in their findings to support a conviction. See *United States* v. *Gipson*, 553 F.2d 453 (5th Cir. 1977) (Wisdom, J.), and Note, Right to Jury Unanimity on Material Fact Issues: *United States* v. *Gipson*, 91 Harv.L.Rev. 499 (1977).[9]

*Judgments affirmed.*

---

[9] See the characterization of the *Gipson* problem in *United States* v. *Peterson*, 768 F.2d at 66-67.