## COMMONWEALTH vs. GEORGE CONEFREY, SR.

Barnstable. February 8, 1995. - June 12, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Criminal,* Instructions to jury, Verdict. *Jury and Jurors. Error, Harmless.*

Discussion of the requirement that a jury verdict in a criminal case must be unanimous, and consideration of cases addressing the need for a specific unanimity jury instruction. [511-514]

At the trial of an indictment alleging that "at divers times and dates during 1986" the defendant committed indecent assault and battery on a child under the age of fourteen years, in which there was testimony of eight separate incidents of such assault, the judge erred in refusing to give the defendant's requested instruction (specific unanimity instruction) that the jury must agree unanimously upon at least one incident [514]: where, in the circumstances, harmless error analysis was not applicable to the case, the defendant's conviction was reversed. [515-516]

INDICTMENT found and returned in the Superior Court Department on November 21, 1988.

Following review by this court, 410 Mass. 1 (1991), the case was retried before *John J. Irwin, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Edmund C. Mathers* for the defendant.

*Julia K. Holler,* Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. In November, 1988, a Barnstable County grand jury returned an indictment charging the defendant with indecent assault and battery on his daughter, a child under the age of fourteen years, "at divers times and dates during 1986." See G. L. c. 265, § 13B (1992 ed.). In June, 1989, a jury found the defendant guilty. This court reversed the conviction on appeal because the defendant did not have

a meaningful opportunity to exercise his right to self-representation. *Commonwealth* v. *Conefrey*, 410 Mass. 1, 13 (1991). After retrial in August, 1991, a jury again found the defendant guilty of indecent assault and battery on his daughter.[1] The Appeals Court affirmed the conviction. *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. 290 (1994). We granted the defendant's application for further appellate review.

The defendant contends that the trial judge committed reversible error in refusing to instruct the jury that they must unanimously find one specific incident of indecent assault and battery in order to convict.[2] The Appeals Court concluded that the judge erred in declining to give the defendant's requested instruction on "specific unanimity," but that this error did not prejudice the defendant. *Commonwealth* v. *Conefrey*, *supra* at 297. We agree that the judge erred in not giving the requested specific unanimity instruction. However, we conclude that a harmless error analysis is not appropriate in this case. We reverse the defendant's conviction.[3]

*Facts.* The Commonwealth presented three witnesses at the second trial. The defendant's daughter, whom we shall

---

[1]The trial judge denied the defendant's motion to stay execution of his sentence pending appeal.

[2]Although the defendant does not state explicitly whether he bases his argument on State or Federal law, his brief and counsel's oral argument concentrated on Massachusetts cases. We therefore focus our discussion on State law.

[3]The only issue presented in the defendant's application for further appellate review was the judge's refusal to give the requested specific unanimity instruction. In his brief, the defendant raises two additional claims of error. He contends that an indecent touching under G. L. c. 265, § 13B (1992 ed.), must have a sexual purpose or intent, and that the judge therefore erred in refusing to instruct the jury that the Commonwealth must prove beyond a reasonable doubt "that the touching was for the purpose of sexual arousal, gratification, or offense." The defendant also argues that G. L. c. 265, § 13B, is unconstitutionally overbroad. Because we reverse the defendant's conviction on the sole issue presented for further appellate review, the judge's failure to give a requested specific unanimity instruction, we need not discuss the two additional claims of error. We state only that we are content with the Appeals Court's analysis of these two issues. See *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. 290, 299-302 (1994).

call Lisa, was eight years old at the time of the alleged incidents in 1986. She testified to eight incidents of indecent assault and battery. Lisa gave no specific dates for any of the incidents. Seven incidents (the "bed incidents") were substantially similar: while Lisa and the defendant sat on his bed watching television, the defendant pulled down his pants, exposed his penis, and asked her to touch it. Although Lisa initially objected, the defendant told her that "it was okay." He then took her hand and put it on his penis. The defendant also told Lisa that she need not tell her mother. Lisa testified that three bed incidents occurred at the defendant's apartment in Falmouth. She further testified that four bed incidents occurred after the defendant moved to West Falmouth. Another incident (the "shower incident") also occurred in West Falmouth. While Lisa and the defendant were showering together, the defendant rubbed his penis against her stomach.[4]

In fresh complaint testimony, a Department of Social Services social worker corroborated Lisa's description of the "bed" and "shower" incidents of indecent assault and battery. A second fresh complaint witness, a State police investigator, corroborated Lisa's testimony about the "bed incidents."

*Specific unanimity instruction.* Near the conclusion of the jury charge, the judge instructed the jury that "there is no verdict until every juror subscribes to that verdict. In short, whatever the verdict is, it has to be unanimous." The defendant had requested, in writing, that the judge give this specific unanimity instruction: "In order to convict the defendant you must unanimously agree beyond a reasonable doubt upon at least one incident." Although defense counsel objected at the

---

[4]Lisa testified that the defendant had lived in two different apartments at the same West Falmouth address. He first lived in an upstairs apartment that did not have a shower. The defendant then moved to a downstairs apartment that had a private shower. Lisa testified that the shower incident occurred in the downstairs apartment. She did not specify whether the four bed incidents had occurred in one, or both, of the West Falmouth apartments.

end of the jury charge, the judge refused to give the requested specific unanimity instruction.[5] The defendant asserts that the judge's failure to instruct the jury on "specific unanimity" amounted to reversible error.[6] We agree.

At the outset, we note that "[i]t is beyond dispute that the jury verdict in a criminal trial in this Commonwealth must be unanimous." *Commonwealth* v. *Hebert*, 379 Mass. 752, 754 (1980), citing *Brunson* v. *Commonwealth*, 369 Mass.

---

[5] Defense counsel stated at side bar: "If they can't agree on any particular incident — like if six think that something happened in the shower and six thought something didn't happen in the shower, but maybe something happened in the bedroom, that would not be unanimous even though twelve agreed that something happened." The judge responded, "Oh, I'm not going to get into that. I don't think that I should really."

[6] The defendant also contends that his ability to present a defense was limited by the indictment, which charged him with indecent assault and battery on a child under fourteen years of age "at divers times and dates during" 1986. He asserts that, because of the "amorphous indictment," he had limited knowledge of the particulars of the charges against him. The defendant argues that the judge should have taken every opportunity to limit the extent of this prejudice by giving the requested specific unanimity instruction.

Although we conclude that the judge should have given the requested instruction, we do not agree that the indictment prejudiced the defendant at his second trial. First, we note that, because the time of the offense is not an element of the crime of indecent assault and battery on a child under fourteen years, it need not be precisely alleged. See *Commonwealth* v. *King*, 387 Mass. 464, 467-469 (1982). Thus, at least as to the statutory elements, the indictment was sufficiently specific. See *Commonwealth* v. *Montanino*, 409 Mass. 500, 511-512 (1991).

Second, to the extent that the defendant's assertion of prejudice implicates due process concerns, we conclude that the defendant had sufficient knowledge about the charges against him adequately to prepare his defense at the second trial. The purpose of an indictment is, "first, to furnish the accused with such a description of the charge against him as will enable him to make his defence." *Commonwealth* v. *Montanino*, *supra* at 512, quoting *United States* v. *Cruikshank*, 92 U.S. 542, 558 (1875). At the second trial, the defendant had the benefit of the Commonwealth's evidence at the first trial, including information about the time, place, and circumstances of the alleged incidents. See *Commonwealth* v. *Montanino*, *supra* at 513. In addition, the defendant does not assert that he would have conducted his defense differently had the indictment specified the dates and times of the alleged incidents. See *Commonwealth* v. *King*, *supra* at 468. In light of these considerations, we conclude that the indictment did not prejudice the defendant at the second trial.

106, 120 (1979). Mass. R. Crim. P. 27 (a), 378 Mass. 897 (1979).[7] This case is the first in which we have addressed a trial judge's refusal to give a specific unanimity instruction after a proper request and a timely objection, where alternate incidents could support a conviction. "A general unanimity instruction informs the jury that the verdict must be unanimous, whereas a specific unanimity instruction indicates to the jury that they must be unanimous as to which specific act constitutes the offense charged." *Commonwealth* v. *Keevan*, 400 Mass. 557, 566-567 (1987).[8]

We recognize that in certain circumstances a general unanimity instruction adequately will protect a defendant's right to a unanimous verdict. See *Commonwealth* v. *Sylvester*, 400

---

[7] Unanimity is "one of the indispensable features of [a] federal jury trial." *Johnson* v. *Louisiana*, 406 U.S. 356, 369 (1972) (Powell, J., concurring). See *Andres* v. *United States*, 333 U.S. 740, 748 (1948) ("[u]nanimity in jury verdicts is required where the Sixth [Amendment] appl[ies]. In criminal cases this requirement of unanimity extends to all issues . . . which are left to the jury").

Although neither the Federal Constitution nor the Massachusetts Declaration of Rights specifically guarantees the right to a unanimous jury verdict, the right was recognized at common law as a means to ensure that the government has met its burden of proving all facts necessary to show the defendant's guilt. See *Apodaca* v. *Oregon*, 406 U.S. 404, 407-408 & n.2 (1972); *United States* v. *Correa-Ventura*, 6 F.3d 1070, 1076 (5th Cir. 1993), citing 4 W. Blackstone, Commentaries *343-344. Thus, the requirement of a unanimous jury is related to the requirement that the government prove the defendant's guilt beyond a reasonable doubt. See *United States* v. *Correa-Ventura, supra* at 1077. Both requirements guarantee that jurors reach a "subjective state of certitude" about a defendant's guilt before rendering a verdict. See *In re Winship*, 397 U.S. 358, 364 (1970). If all jurors agree as to a defendant's guilt, their unanimity indicates that the government indeed did prove its case beyond a reasonable doubt. A less than unanimous jury, in contrast, tend to show that a reasonable doubt exists as to the crime charged. See *United States* v. *Correa-Ventura, supra*, citing Howe, Jury Fact-Finding in Criminal Cases: Constitutional Limits on Factual Disagreements Between Convicting Jurors, 58 Mo. L. Rev. 1, 12 (1993).

[8] Massachusetts appellate courts have discussed the propriety of specific unanimity instructions in recent years. See, e.g., *Commonwealth* v. *Keevan*, 400 Mass. 557, 566-567 (1987); *Commonwealth* v. *Sylvester*, 400 Mass. 334, 340 (1987); *Commonwealth* v. *Comtois*, 399 Mass. 668 (1987); *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. 362, 366-368 (1991); *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. 170 (1986).

Mass. 334, 340 (1987) (where general unanimity instruction is given, reviewing court assumes that jury followed it absent evidence to the contrary). However, in other situations, where evidence of separate incidents is offered to the jury and any one incident could support a conviction, a general unanimity instruction may not suffice to ensure that the jury actually does reach a unanimous verdict. See *Commonwealth v. Ramos*, 31 Mass. App. Ct. 362, 367 (1991).[9] We believe that this is such a case.

In *Commonwealth v. Comtois*, 399 Mass. 668 (1987), the defendant was charged with rape and abuse of a child under the age of sixteen years on divers dates. At trial, the defendant did not request that the judge give a specific unanimity instruction. On appeal, the defendant claimed that the judge erred in failing to instruct the jury sua sponte that they could not convict him without agreeing unanimously on a specific unlawful act as the basis for the conviction. *Id.* at 675-676. We concluded that, even if the judge's instructions were in error, they did not create a substantial risk of a miscarriage of justice. *Id.* at 677. However, we noted that a judge should give a specific unanimity instruction if a defendant requested it in accordance with the normal procedure of Mass. R. Crim. P. 24 (b), 378 Mass. 895 (1979). *Id.* at 676-677 n.11.

Similarly, in *Commonwealth v. Lemar*, 22 Mass. App. Ct. 170 (1986), the Appeals Court addressed the need for a specific unanimity instruction where the defendant, like the defendant in this case, had been charged with indecent assault and battery on a child under fourteen years of age "on divers dates and times." The evidence at trial showed that criminal incidents had occurred on three separate dates. Although the judge instructed the jury that they must act unanimously, he did not instruct that the jurors must unanimously agree to at

---

[9] We acknowledge the distinction between an instruction requiring specific unanimity among the jurors on the underlying factual issues where alternate incidents could support a conviction and unanimity among the jurors on a theory of culpability for a single offense. See *Commonwealth v. Berry*, ante 95, 110 n.12 (1995). See also *Commonwealth v. Sylvester*, supra at 340.

least one of the incidents in order to convict the defendant. Because the defendant had not requested a specific unanimity instruction at trial, the issue on appeal was whether the judge's failure to give such an instruction sua sponte created a substantial risk of a miscarriage of justice. *Id.* at 173. The Appeals Court concluded that there was no such risk, but also assumed that a judge would be obliged to give a specific unanimity instruction if the defendant properly requested it. *Id.* at 172.

In light of Massachusetts precedent, we conclude that the judge erred in refusing to give the defendant's requested specific unanimity instruction. In a case such as this one, where the defendant requested a specific unanimity instruction and where there is a significant likelihood that the conviction resulted from different jurors concluding that the defendant committed different acts, the judge should give the requested specific unanimity instruction. Because the judge did not give such an instruction, we cannot know whether the jurors unanimously agreed that any particular incident occurred. Indeed, in light of the fact that Lisa testified to eight incidents, there exists the distinct possibly that the jury did not agree about which of those numerous incidents actually occurred. Some jurors may have convicted the defendant on the basis of one alleged incident, while others may have convicted him based upon any of the seven other alleged incidents. Indeed, as to the so-called bed incidents, they allegedly occurred at three distinct locations (the defendant's Falmouth apartment and both of his West Falmouth apartments). To correct any potential confusion, the judge should have augmented the general unanimity instruction to ensure that the jurors understood their duty unanimously to agree to a particular set of facts. Even with the general unanimity instruction, the judge's charge could have permitted the jury to reach a nonunanimous verdict. This we cannot accept.[10]

---

[10]Several Federal Courts of Appeal have held that a general unanimity instruction will not suffice where there exists a genuine possibility of juror confusion. See and compare *United States* v. *Hager*, 969 F.2d 883, 891 (10th Cir.), cert. denied, 506 U.S. 904 (1992) (general unanimity instruc-

We consider next the effect of the judge's error. Specifically, we must determine whether we should affirm the defendant's conviction because the judge's refusal to give the requested specific unanimity instruction amounted to harmless error. The United States Court of Appeals for the Third Circuit recently addressed this issue in *United States* v. *Edmonds*, 52 F.3d 1236 (3d Cir. 1995). In that case, the court held that the trial judge erred in not giving a requested specific unanimity instruction. *Id.* at 1243. The court then noted that the Supreme Court's decision in *Sullivan* v. *Louisiana*, 508 U.S. 275 (1993), precluded harmless error analysis. *Id.* See *Commonwealth* v. *Garcia*, 379 Mass. 422, 445 (1980) (Liacos, J., dissenting) (erroneous charge on reasonable doubt cannot be harmless error). In *Sullivan* v. *Louisiana*, *supra* at 279, the Supreme Court addressed the propriety of harmless error analysis where the jury instructions gave an unconstitutional definition of reasonable doubt. The Court held that using harmless error analysis in such a situation would violate the defendant's right to a jury trial under the

---

tion sufficient where evidence "not so complex that there was a genuine possibility of juror confusion"); *United States* v. *Sayan*, 968 F.2d 55, 65 (D.C. Cir. 1992) (specific unanimity instruction required "when there is a genuine risk of juror confusion or of conviction resulting from different jurors concluding the defendant committed different acts"); *United States* v. *Sanderson*, 966 F.2d 184, 187 (6th Cir. 1992) (specific unanimity instruction not necessary unless a count is extremely complex, there is variance between the indictment and the proof at trial, or there is a tangible risk of jury confusion); *United States* v. *Montanye*, 962 F.2d 1332, 1341 (8th Cir.), cert. denied sub nom. *Bruton* v. *United States*, 506 U.S. 957, and cert denied sub nom. *Calia* v. *United States*, 506 U.S. 986 (1992), aff'd after remand, 966 F.2d 190 (8th Cir. 1993) (specific unanimity instruction may be required where there is genuine risk of jury confusion); *United States* v. *Horton*, 921 F.2d 540, 546 (4th Cir. 1990) (specific unanimity instruction not necessary where danger of jury confusion minimal and evidence not complex); *United States* v. *Jackson*, 879 F.2d 85, 89 (3d Cir. 1989) (specific unanimity instruction not necessary where evidence not complex); *United States* v. *Gilley*, 836 F.2d 1206, 1211 (9th Cir. 1988) (specific unanimity instruction required where case involved sufficiently complex set of facts); *United States* v. *Schiff*, 801 F.2d 108, 114-115 (2d Cir. 1986), cert. denied, 480 U.S. 945 (1987) (general unanimity instruction sufficient to ensure unanimous verdict unless "complexity of the evidence or other factors create a genuine danger of jury confusion").

Sixth Amendment to the United States Constitution. *Id.* at 281-282. The Court explained:

> "Since [the jury never found the defendant guilty beyond a reasonable doubt,] there has been no jury verdict within the meaning of the Sixth Amendment [and] the entire premise of [harmless error] review is simply absent. There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict . . . would have been rendered absent the constitutional error is utterly meaningless. There is no *object*, so to speak, upon which harmless-error scrutiny can operate." *Id.* at 280.

The United States Court of Appeals for the Third Circuit concluded that this same reasoning applied to bar harmless error analysis where the absence of a specific unanimity instruction had permitted the jury to return a nonunanimous verdict. *United States* v. *Edmonds, supra* at 1243-1244. We adopt the Third Circuit's approach. In this case, the judge's failure to give the requested specific unanimity instruction allowed the jury to return a nonunanimous verdict. Thus, there may not have been a unanimous jury finding of guilty of the crime charged. Because there was no verdict, it is impossible for us to consider "whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error" (emphasis in original). *Sullivan* v. *Louisiana, supra* at 279. See *Commonwealth* v. *Thornley*, 406 Mass. 96, 101-102 (1989) (essential question in harmless error analysis is whether the error might have contributed to the verdict).[11] Accordingly, we reverse the defendant's conviction.

*So ordered.*

---

[11]Our conclusion that harmless error analysis is not appropriate applies only where alternate incidents could support a conviction and where a defendant properly requests a specific unanimity instruction and timely objects to the trial judge's refusal to give the requested instruction.