JAMES CHAMBERS *vs.* COMMONWEALTH.

Suffolk. May 1, 1995. - August 2, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Indictment, Dismissal, Double jeopardy.

A criminal defendant did not demonstrate that the allegedly improper lack of specificity as to the dates and times of the alleged criminal acts as set forth in the Commonwealth's bill of particulars was not remediable on appeal, and thus did not demonstrate that he was entitled to relief under G. L. c. 211, § 3. [51-52]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 29, 1994.

The case was heard by *Nolan, J.*

*Willie J. Davis* for the defendant.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. A grand jury returned an indictment charging that James Chambers, whom we shall call the defendant, "on divers[ ] dates between September 5, 1992, and April 30, 1993, did commit an indecent assault and battery on [child X], a child under the age of fourteen years." The same grand jury returned another indictment charging that the defendant "on divers[ ] dates between September 5, 1992, and April 30, 1993, did unlawfully have natural sexual intercourse with and abuse [child Y], a child under the age of sixteen." The defendant moved for a bill of particulars requesting the Commonwealth to specify the exact dates, times and places that the alleged crimes were committed. The bill of particulars provided by the Commonwealth stated as to dates and times that the alleged crimes occurred "[o]n di-

vers[ ] dates between September 5, 1992 and April 30, 1993."

The defendant then moved to dismiss the indictments. The motion stated in material part the following:

"Specifically, the defendant says that indictments charging rape of a child and indecent assault and battery on a child under fourteen on divers[ ] dates between September 5, 1992 and April 30, 1993, do not provide sufficient notice of the charges to allow the defendant to prepare an adequate defense at trial; do not provide the trial court with sufficient notice to rule properly on sufficiency of evidence and to enter a judgment of conviction and sentence thereon; do not provide an appellate court with sufficient notice such that the affirmance may not be grounded on one act and the conviction on another; do not provide the petit jury with sufficient notice to insure that in rendering a verdict of conviction or acquittal, it is indeed deliberating on the same conduct in the minds of the grand jury in issuing · the indictments; and, do not provide sufficient notice to allow the defendant to plead former acquittal or conviction to safeguard against double jeopardy."

The defendant's motion to dismiss was denied, and the defendant then filed a petition for relief in the form of dismissal of the indictments in the Supreme Judicial Court for Suffolk County under G. L. c. 211, § 3. The petition states, "[T]he defendant says that indictments charging rape of a child and indecent assault and battery on a child under fourteen on divers[ ] dates between September 5, 1992 and April 30, 1993, do not provide sufficient notice of the charges to allow the defendant to prepare an adequate defense at trial; do not provide the trial court with sufficient notice to rule properly on sufficiency of evidence and to enter a judgment of conviction and sentence thereon; do not provide an appellate court with sufficient notice such that the affirmance may not be grounded on one act and the conviction on another; do not

provide the petit jury with sufficient notice to insure that in rendering a verdict of conviction or acquittal, it is indeed deliberating on the same conduct in the minds of the grand jury in issuing the indictments; and, do not provide sufficient notice to allow the defendant to plead former acquittal or conviction to safeguard against double jeopardy." A single justice of this court denied the requested relief and the defendant appealed.

"Our cases have emphasized that relief under G. L. c. 211, § 3, may not be sought merely as a substitute for normal appellate review. . . . It should be exercised only in exceptional circumstances and where necessary to protect substantive rights in the absence of an alternative, effective remedy." (Citations omitted.) *Parents of Two Minors* v. *Bristol Div. of the Juvenile Court Dep't*, 397 Mass. 846, 849 (1986), quoting *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). Specifically, a defendant must demonstrate "irremediable error, such that he cannot be placed in statu quo in the regular course of appeal." *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). After examining the alleged deficiencies in the indictments, we conclude that the defendant has failed to demonstrate that any deficiencies that may exist cannot be remedied in the normal course of appeal.

We are not persuaded that the indictments' lack of specificity as to the dates and times of the alleged criminal acts is likely unfairly to impair a defense against the indictments at trial, or to interfere with the trial judge's ability to rule on a question of the sufficiency of the evidence, nor is the lack of specificity likely to impair the judge's exercise of discretion as to sentencing. In any event, the defendant has not demonstrated that any such improper impairment of the defense will be irremediable on appeal. Indeed, we held in *Commonwealth* v. *Matchett*, 386 Mass. 492, 511 (1982), citing *Yates* v. *United States*, 354 U.S. 298, 311-312 (1957), overruled on other grounds by *Burks* v. *United States*, 437 U.S. 1, 18 (1978), that if the evidence presented to the jury would warrant a conviction on one ground, but not on another, and it is

impossible to tell on which ground the jury relied, the verdict must be set aside on appeal. Too, we recently held in *Commonwealth* v. *Conefrey*, 420 Mass. 508 (1995), involving the trial of an indictment alleging that "at divers times and dates during 1986" the defendant committed indecent assault and battery on a child under the age of fourteen, in which there was testimony of eight separate incidents of such assault, we held that unless there is adequate reason to conclude that the jury agreed unanimously on at least one incident, *id.* at 514, the defendant's conviction must be reversed on appeal. *Id.* at 515-516. These cases support the proposition that the defendant's expressed concerns about the inadequacy of the appeal process to remedy foreseeable errors are unfounded.

The defendant expresses a concern that, unless the indictments are dismissed now, he may be tried and convicted or acquitted of both charges and then be recharged with similar offenses during the same period. If that should occur, he argues, he may be exposed to double jeopardy but be unable to show that the new charges are for the same offense or offenses previously tried. In his brief, the defendant says, "[T]he indictments do not distinguish which acts are to be admitted or considered as uncharged misconduct. In the event of reprosecution, the burden is on the petitioner to prove that he is being prosecuted for the 'same offense,' *Dowling* [v. *United States*, 493 U.S. 342 (1990)]; this means proving that he was already acquitted or convicted on the same rape and indecent assault forming the new charge. Under the facts of this case, this is an impossible and unfair burden. Not only can petitioner not discern exactly when he is alleged to have committed the crimes, he cannot determine which acts are simply to be admitted as uncharged misconduct. As such, the indictments under review fail to protect him against double jeopardy."

Our holding in *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 315-318 (1994), defeats the defendant's argument. In that case, a grand jury returned twelve indictments against the defendant, all of which arose out of occurrences on a single day. Six of the indictments charged the defendant with

aggravated rape. The indictments, except for the indictment numbers, were identical. The defendant was acquitted on four of the aggravated rape indictments and was convicted on the other two. On appeal, the Appeals Court reversed the two convictions on grounds unrelated to double jeopardy and remanded for retrial. See 31 Mass. App. Ct. 425 (1991). Prior to retrial, the defendant moved to dismiss the two indictments, arguing that retrial was precluded by double jeopardy principles. The motion was denied; the defendant was retried; and he was convicted on both indictments. The defendant appealed and we transferred the case to this court on our own initiative.[1] We reversed the convictions. *Commonwealth* v. *Hrycenko*, 417 Mass. at 319-320.

The defendant in *Hrycenko* argued two grounds for reversal, only one of which is important here. The defendant contended that retrial of the two aggravated rape indictments would violate his right not to be subject to double jeopardy because, since the wording of the six rape indictments was the same, it would be impossible to determine which of the alleged rapes were the basis of his two convictions and four acquittals at the first trial, so that there was no way of knowing whether the retrial would involve charges of which he had been acquitted. See *Commonwealth* v. *Conefrey*, *supra*. The Commonwealth conceded that it was "impossible to discern the basis of the jury's convictions and acquittals at the first trial," but argued that, as a result, the defendant could not sustain his burden to prove former jeopardy and the motion to dismiss should be denied. *Commonwealth* v. *Hrycenko*, 417 Mass. at 315. This court's response was that "[b]ecause of the uncertainty concerning the bases of the jury's acquittal and guilty verdicts at the first trial, the defendant was subjected at retrial to the risk that he would be convicted of the alleged rapes of which he had been acquitted." *Id.* at 316-317. For that reason we concluded that the

---

[1]*Commonwealth* v. *Hrycenko*, 417 Mass. 309 (1994), involved other indictments in addition to those we have described. The additional indictments are irrelevant to the present discussion.

defendant had met his burden, *id.* at 317, "to prove that the retrial should have been barred by double jeopardy principles." *Id.* at 316. We reasoned that "[t]he motion judge should have granted the defendant's motion to dismiss the two indictments charging aggravated rape. This conclusion comports with the principle that 'the basic premise of the criminal law [is] that ambiguities and doubts are to be resolved in favor of the accused.' *Commonwealth* v. *Wilson,* 381 Mass. 90, 125 (1980)." *Id.* at 317. We reversed the two aggravated rape convictions and ordered the dismissal of the indictments.

Here, too, if the two indictments are tried to a conclusion and the defendant is subsequently reindicted, and if, as the defendant hypothecates, it is then impossible to determine whether the defendant has already been convicted or acquitted of the offense charged, that is, that the risk of double jeopardy is present, the defendant will be entitled to dismissal of the new indictment and his right thereto will be protected in the ordinary course of trial court and appellate procedure.

The defendant has not demonstrated that he is entitled to relief under G. L. c. 211, § 3. The order of the single justice denying relief is affirmed.

*So ordered.*