COMMONWEALTH *vs.* ALEX B. ERAZO.

No. 04-P-67.

Essex. December 7, 2004. - May 27, 2005.

Present: GREENBERG, LAURENCE, & COHEN, JJ.

*Indecent Assault and Battery. Practice, Criminal,* Complaint, Bill of particulars, Dismissal, Instructions to jury.

A criminal complaint, when read with a bill of particulars, was sufficient to give the defendant reasonable knowledge of the crime with which he was charged, and therefore, a District Court judge exceeded his discretion in dismissing the complaint. [626-629]

Discussion of the necessity of a jury instruction on specific unanimity at the trial of a criminal complaint charging the defendant with indecent assault and battery on a person fourteen years of age or older. [629-631]

COMPLAINT received and sworn to in the Lawrence Division of the District Court Department on November 26, 2002.

A motion to dismiss was heard by *Michael T. Stella, Jr.,* J.

*Gregory I. Massing,* Assistant District Attorney, for the Commonwealth.

*Conrad John Bletzer, Jr.* (*James M. Murphy* with him) for the defendant.

GREENBERG, J. A Lawrence District Court complaint, issued on November 26, 2002, charged the defendant with three counts of indecent assault and battery on a person fourteen years of age or older in violation of G. L. c. 265, § 13H. No exact dates or times of the offenses were contained in the Commonwealth's complaint, which stated that the offenses occurred on "diverse" [*sic*] dates "on or about" July 15, 2002, through October 15, 2002.

On April 2, 2003, the judge held a hearing on the defendant's motion for a bill of particulars pursuant to Mass.R.Crim.P.

13(b)(1), 378 Mass. 871 (1979).[1] In his motion, the defendant requested, among other things, that the Commonwealth specify the precise dates upon which the alleged offenses took place. His motion also included the possibility of his raising an alibi defense. At the hearing, the defendant stressed the importance of having as much knowledge and information about the events in question so that he could explore whatever defenses might be available to him. The Commonwealth argued that, given the circumstances, the defendant's request was "unreasonable." The judge, however, expressed qualms about the prosecutor's position and indicated that the fourteen year old complainant should be able to recall traumatic events with more specificity. Although not requiring the precise date of each incident, the judge ordered that the Commonwealth give an approximate date for each count in the complaint (within four or five days of each incident). The prosecutor requested a stay of the order so that an interlocutory appeal could be taken to a single justice of this court. No such appeal was taken.

In response to the judge's order, on May 1, 2003, the Commonwealth filed a bill of particulars which, among other things, stated that the alleged sexual assaults were continuing episodes beginning "a few days to a week after July 9, 2002 [and] . . . occurred approximately three to four times a week thereafter, until approximately October 15, 2002." As to place, the Commonwealth submitted that they occurred inside the apartment that the defendant rented to the complainant's mother or on the rear porch. Finally, the Commonwealth indicated that the complainant was incapable of providing the date of any specific act with any greater degree of particularity. Also on May 1, 2003, the Commonwealth filed a motion requesting that the judge find the bill of particulars to be in compliance with the judge's April 2 order or, alternatively, for reconsideration of that order. The prosecutor argued that the time of the offense is not an element of the crime and need not be precisely alleged.

---

[1] Rule 13(b)(1) provides as follows: "Within the time provided for the filing of pretrial motions by this rule or within such other time as the judge may allow, a defendant may request or the judge upon his own motion may order that the prosecution file a statement of such particulars as may be necessary to give both the defendant and the court reasonable notice of the crime charged, including time, place, manner, or means."

G. L. c. 265, § 13H. See *Commonwealth* v. *Sineiro*, 432 Mass. 735, 737 (2000); *Commonwealth* v. *Washburn*, 55 Mass. App. Ct. 493, 498 (2002).

On July 11, 2003, the defendant filed a written response arguing that, based on the particulars, he would be prejudiced in presenting an alibi defense. Unless the Commonwealth detailed the dates of the offenses as mandated by the trial judge, i.e., within a range of four to five days, the defendant stated that he would request dismissal of the complaint.

For reasons which do not appear in the record, on August 5, 2003, the Commonwealth entered a nolle prosequi as to the third count of the complaint and reduced the second count to simple assault and battery. This left only one count of indecent assault and battery. When the case was called for a status report on August 27, 2003, the same judge who had entered the original order denied both the Commonwealth's motion to deem the Commonwealth's earlier responses sufficient and its motion for reconsideration of the order itself. He advised the prosecutor that he was going to dismiss the complaint, but would hold the order in abeyance until the date of the next status report, giving the Commonwealth time to supply more detailed information. As the Commonwealth was unable to comply, the complaint was dismissed on September 12, 2003, and the Commonwealth appeals.

The issue on this appeal is whether the complaint, read with the bill of particulars, is sufficient to give the defendant reasonable knowledge of the crime with which he is charged. See *Dolan* v. *Commonwealth*, 304 Mass. 325, 337-338 (1939); *Commonwealth* v. *Leavitt*, 17 Mass. App. Ct. 585, 588, cert. denied, 469 U.S. 835 (1984); *Commonwealth* v. *Nadal-Ginard*, 42 Mass. App. Ct. 1, 5 (1997).

1. *Dismissal of the complaint.* We start with the proposition that under art. 12 of the Declaration of Rights of the Massachusetts Constitution, "[n]o subject shall be held to answer for crimes or offense, until the same is fully and plainly, substantially and formally, described to him." See *Commonwealth* v. *Welansky*, 316 Mass. 383, 395-396 (1944). The complaint must contain "a plain, concise description of the act which constitutes the crime" or "appropriate" statutory language that informs the

accused of the charge. See Mass.R.Crim.P. 4(a), 378 Mass. 849 (1979). For that purpose, all that is required is that the indictment or complaint, read with the bill of particulars, be sufficient to give the accused reasonable knowledge of the crime so as to enable him or her to prepare a defense. *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 313 (1994).

Measured by that standard, the Commonwealth's attempts to comply with the order for particulars were sufficient. The judge, however, expressed several legitimate concerns at the August 27, 2003, status report hearing. He told the prosecutor that the cases that he marshaled for support of his submissions "clearly indicate that the ages of the purposed victims are substantially younger than the fourteen year old victim in this instance." He also thought that, due to the short period between the last alleged incident and the issuance of the criminal complaint, the complainant's memory of the dates of the incident ought to be more keen.

Many criminal complaints charging sexual assaults on children do not specify the precise dates, but rather allege that the criminal acts occurred on "divers dates" over a lengthy period of time. Prosecutors also frequently allege, as initially done here, multiple acts of child sexual abuse by drafting numerous generic indictments or complaints differentiated only by the number assigned to the charge. Such charges, however, have withstood constitutional challenges despite impediments they pose to the assertion of an alibi defense or other defense that is directly related to the temporal aspect of the alleged crimes. See *Commonwealth* v. *Hrycenko*, 417 Mass. at 312-313 (identically worded indictments alleging multiple acts of aggravated rape are not defective as matter of law).

The Supreme Judicial Court again addressed this perplexing problem in *Commonwealth* v. *LaCaprucia*, 429 Mass. 440, 446-447 (1999), in the context of a double jeopardy claim. There, the court ruled that identically worded indictments, together with a "clarification" filed by the Commonwealth filed in response to the defendant's motion for bill of particulars, further particulars filed after this court reversed the defendant's original convictions, and testimony from the first trial, were sufficient to inform the defendant of the conduct charged so as to allow him

to prepare an adequate defense. *Id.* at 453-455. As here, the Commonwealth was unable to provide the defendant with the precise days and times of the alleged multiple offenses. The court acknowledged that multiple, generic indictments alleging child sexual abuse "always" create "the risk that jurors may vote to find the defendant guilty on a particular indictment, but with different incidents or conduct in mind." *Id.* at 446. Even so, in that case, the court, having the benefit of examining the trial record, concluded that it was possible for the Commonwealth to retry the defendant on certain indictments because of the distinctive nature of the offending sexual conduct involved. *Id.* at 454-455.

In *Chambers* v. *Commonwealth,* 421 Mass. 49, 51-54 (1995), the Supreme Judicial Court ruled that any improper impairment of the defendant's defense against alleged sexual offenses involving a child because of lack of specificity in the indictments' allegation that the defendant committed the offenses "on divers dates" over a nearly eight-month period did not entitle him to relief under G. L. c. 211, § 3, because the defendant failed to demonstrate that any such impairment would be irremediable on appeal. In *Commonwealth* v. *Conefrey,* 420 Mass. 508, 511 n.6 (1995), the court said that an indictment charging the defendant with indecent assault and battery on a child under the age of fourteen at divers times and dates during a certain year did not prejudice the defendant at his second trial despite his claim that the indictment was so amorphous as to violate due process, especially as he did not assert that he would have conducted his defense differently had the Commonwealth specified the dates and times of the alleged incidents. See *Commonwealth* v. *Montanino,* 409 Mass. 500, 512 (1991), quoting from *People* v. *Morris,* 61 N.Y.2d 290, 295 (1984) ("The determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the indictment and the bill of particulars must be made on an ad hoc basis by considering all relevant circumstances").

The case before us falls into that category of indictments which describe undifferentiated sexual assaults over a finite period of time. So far as appears from a police report that the defendant obtained through pretrial discovery, which is included

in the record, the alleged sexual assaults consisted of a series of unwanted touchings which commenced two weeks after the complainant's father separated from her mother. The complainant stated that the assaults continued over a three-month period of time.

In these circumstances, we conclude that the judge exceeded his discretion in dismissing the case. See *Commonwealth* v. *Viverito*, 422 Mass. 228, 230 (1996). Such a sanction is reserved for cases of egregious prosecutorial misconduct or upon a showing of irreparable prejudice to the defense. *Ibid. Commonwealth* v. *Hernandez*, 421 Mass. 272, 277-278 (1995). *Commonwealth* v. *Perrot*, 38 Mass. App. Ct. 478, 481 (1995). Nothing here indicates that the Commonwealth failed to disclose information which the complainant herself was capable of supplying concerning the exact dates of the occurrences that gave rise to the complaint. Nor is there any indication that, with more effort, the Commonwealth could extract more details than the complainant provided to her parents or the police investigators. Where obfuscation or stonewalling is absent, "the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985), quoting from *Commonwealth* v. *Light*, 394 Mass. 112, 116 (1985) (Liacos, J., dissenting).

Based upon other information that the defendant has previously obtained through discovery, there are other remedial steps available to him when the case is remanded for trial. These include, for example, requesting a voir dire hearing concerning the reliability of the complainant's testimony or, at trial, attacking the complainant's credibility by showing on cross-examination her faulty memory of events of which a jury might expect a clearer memory.

2. *Instruction on specific unanimity.* The defendant requests that, if we reverse, we provide guidance to the trial judge as to whether at trial an instruction on specific unanimity should be required. We comment briefly on this issue.

Ordinarily, the defendant is entitled, on request, to an instruction to the jury that they must act unanimously should they find him guilty of the charges and that they must be unanimous as to the facts grounding their finding of guilt (the so-called specific

unanimity instruction). See *Commonwealth* v. *Comtois*, 399
Mass. 668, 676 n.11 (1987); *Commonwealth* v. *Keevan*, 400
Mass. 557, 566-567 (1987). This is so because the jury must be
unanimous "as to each incident which is the basis of the jury"
finding of guilt. *Commonwealth* v. *Comtois, supra* at 676.
Failure to request specific unanimity instructions and failure to
object to their absence in the charge will result in appellate
review only to determine if there is a substantial risk of a
miscarriage of justice. See *Commonwealth* v. *Keevan, supra* at
567; *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. 170, 171, 173
(1986). Such a risk will not occur if the evidence is sufficient to
meet the statutory elements and withstand a directed verdict
motion. See *Commonwealth* v. *Keevan, supra*; *Commonwealth*
v. *Lemar, supra* at 173.

Most of the cases discussing specific unanimity focus on
nonspecific factual allegations, as illustrated by the instant case,
where the complaint or indictment encompasses a prolonged
time frame. See, e.g., *Commonwealth* v. *Conefrey*, 420 Mass. at
508; *Commonwealth* v. *Lemar, supra* at 170. In the *Conefrey*
case, for example, the defendant was tried on a single indict-
ment alleging indecent assault and battery on a child under
fourteen "at divers times and dates during 1986." *Com-
monwealth* v. *Conefrey, supra* at 508. Without giving specific
dates, the victim testified to eight distinct incidents, three on a
bed in the defendant's apartment, four in bed after the defendant,
who was her father, moved to another residence, and one in a
shower at that location. *Id.* at 509-510. The Supreme Judicial
Court held that a specific unanimity instruction was required
because "there [was] a significant likelihood that the conviction
resulted from different jurors concluding that the defendant
committed different acts." *Id* at 514. By contrast, in *Com-
monwealth* v. *Kirkpatrick*, 423 Mass. 436, 442-444, cert. denied,
519 U.S. 1015 (1996), the Supreme Judicial Court considered a
complainant's allegation of undifferentiated assaults over a two-
year period and held that a specific unanimity instruction was
not required. The court stated the following:

> "[I]n a case of this kind, the decisive issue at trial is the
> credibility of the complainant, [and] a jury will either

believe that a consistent and repetitive pattern of abuse has occurred, of necessity encompassing a number of discrete acts, or they will disbelieve it. Because, in a case of this kind, a jury are not offered a choice between discrete incidents of abuse to support a single charge, the risk of a lack of unanimity that we identified in the *Conefrey* case does not exist."

*Id.* at 442.

Similarly, in *Commonwealth* v. *Sanchez*, 423 Mass. 591, 592 (1996), the defendant was charged with rape of a child at divers times between January 1, 1987, and August 31, 1991. The complainant "did not identify discrete instances when particular acts took place. She spoke largely in generalities." *Id.* at 600. Again, the court stated that "[t]he critical issue for the jury was whether to believe her testimony that the defendant had raped her repeatedly." *Ibid.* In these circumstances, the court rejected the claim that the jurors had to agree unanimously on specific instances.

Although we cannot be certain of the complainant's testimony in a case which remains to be tried, the discovery materials that the Commonwealth has supplied indicate that the complainant cannot separate the alleged criminal episodes by giving specific dates and that they are so closely connected as to amount to a single criminal episode. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 417-418 (1990). Accordingly, if the evidentiary picture does not change, a specific unanimity instruction would not be required. Contrast *Commonwealth* v. *Riberio*, 49 Mass. App. Ct. 7, 12 (2000), *S.C.*, 56 Mass. App. Ct. 1111 (2002).

The order dismissing the complaint is reversed, and the complaint is to be reinstated.

*So ordered.*