NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-832

COMMONWEALTH

vs.

HERCULES TEIXEIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the Superior Court, a jury found the defendant, Hercules Teixeira, guilty of four counts of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B, and one count of assault of a child under the age of sixteen with intent to rape, G. L. c. 265, § 24B.[1]  We conclude that testimony that the defendant attempted to insert his penis into the victim's mouth provided sufficient evidence of the defendant's intent to rape.  Further concluding that the

_____

[1] The defendant was indicted on two counts of assault of a child under the age of sixteen with intent to rape, G. L. c. 265, § 24B, as part of two separate indictments returned on February 2 and June 22, 2017.  The Commonwealth entered a nolle prosequi as to the first count of assault with intent to rape a child because the second charge was a replacement for the first.

convictions are not duplicative and that a specific unanimity instruction was not required, we affirm.

Discussion. 1. Evidence of intent to rape. The defendant claims there was insufficient evidence to prove that he had a specific intent to rape the victim as required under G. L. c. 265, § 24B. When reviewing a claim that challenges the sufficiency of the evidence, "we ask whether, taking the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the Commonwealth, any rational trier of fact could find that each of the essential elements of the crime has been proved beyond a reasonable doubt." Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021), citing Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). "Proof of an essential element of a crime may be based on reasonable inferences drawn from the evidence, but it may not be based on conjecture." Commonwealth v. Combs, 480 Mass. 55, 61-62 (2018).

"The two elements of assault with intent to rape are an assault on the victim and a specific intent by the defendant at the time of the assault to rape the victim." Commonwealth v. Martin, 447 Mass. 274, 287 n.9 (2006). "[I]ntent to rape may be inferred from various facts viewed in context of the circumstances, including a struggle between the assailant and the victim, the grabbing or tearing of garments, the absence of

2

any other motive for the defendant's actions, the assailant's acts of placing the victim in a compromising position, and the location of the assault being a secluded area."  Commonwealth v. Zemtsov, 443 Mass. 36, 41 (2004).  At trial, the victim testified that when she and the defendant were alone in his house, the defendant told her that she "should mess with him" and that "young girls are good for older guys."  At various moments, the defendant rubbed his genitals against her buttocks, kissed her neck and breasts, and put his hand into the waistband of her pants and touched just above her pubic area.  The victim further testified that the defendant tried to put his penis into her mouth, and she repeatedly told him to stop and moved her head to keep her mouth away from his penis.  After the defendant asked the victim to "jerk him off" and she refused, he became angry and masturbated until he ejaculated on her neck, shoulder, and clothing.  This evidence was sufficient to support a finding of his specific intent to rape.  See Commonwealth v. Lahens, 100 Mass. App. Ct. 310, 314-315 (2021) (defendant's "prior conspicuous sexual advances coupled with the sexual nature of the assault was sufficient evidence of intent to rape"); Commonwealth v. Brattman, 10 Mass. App. Ct. 579, 582 (1980) (evidence that defendant forcibly tried to kiss victim and touch her breasts and body proved intent to rape).

2.  Separate counts of indecent assault and battery.

"Under the double jeopardy clause of the Fifth Amendment to the United States Constitution and Massachusetts common law, no person may be convicted twice for the same offense." Commonwealth v. Horne, 466 Mass. 440, 449 (2013).  The defendant argues that because he engaged in "one continuous course of conduct," the judge violated this clause "as well as the common law rule against imposing multiple punishments for the same offense" by sentencing him for four separate counts of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B.  There was no error.[2]  Where a defendant is charged with multiple offenses under a single statute, we must decide "whether two . . . discrete offenses were proved under that statute" or whether the conduct constituted one continuing offense.  Commonwealth v. Dykens, 473 Mass. 635, 640 (2016), quoting Commonwealth v. Traylor, 472 Mass. 260, 268 (2015).  If the conduct supporting one count of indecent assault and battery was not incidental and necessary to the conduct supporting the other counts, there can be separate convictions and punishments.

---

[2] The Commonwealth suggests that because the defendant did not adequately preserve this claim for review, our review is limited to determining whether there was an error and, if so, whether it created a substantial risk of a miscarriage of justice.  Commonwealth v. Brum, 492 Mass. 581, 587 (2023). Given our conclusion there was no error, we need not decide which standard of review applies in the circumstances presented.

4

See Commonwealth v. Suero, 465 Mass. 215, 221 (2013); Commonwealth v. Rodriguez, 83 Mass. App. Ct. 267, 273-274 (2013). Here, four separate acts provided the basis for the four counts presented to the jury: the defendant (1) rubbing his genitals on the victim's backside, (2) putting his hand in the waistband of the victim's pants, (3) touching and sucking on the victim's breasts, and (4) ejaculating on the victim. None of these acts was incidental and necessary to any other.

3. Specific unanimity instruction. Lastly, the defendant maintains that the judge failed to give the jury a specific unanimity instruction. Because defense counsel did not request such instruction at trial, we review "only to determine if there is a substantial risk of a miscarriage of justice." Commonwealth v. Erazo, 63 Mass. App. Ct. 624, 630 (2005). "[A] specific unanimity instruction indicates to the jury that they must be unanimous as to which specific act constitutes the offense charged." Commonwealth v. Conefrey, 420 Mass. 508, 512 (1995), quoting Commonwealth v. Keevan, 400 Mass. 557, 566-567 (1987). Such instruction "is required only if the jurors could otherwise disagree which act a defendant committed and yet convict him of the crime charged." Commonwealth v. Ramos, 31 Mass. App. Ct. 362, 366-367 (1991). Here, the judge instructed the jury on two separate occasions that "[f]or each verdict slip, again as I indicated, they are labeled as to what the

5

alleged touching was and on each verdict slip you'll have to agree unanimously."  Moreover, the verdict forms clearly stated which alleged act of the defendant formed the basis for each conviction.  Given these circumstances, we discern no error, much less one creating a substantial risk of a miscarriage of justice.

<u>Judgments affirmed</u>.

By the Court (Ditkoff, Grant & Toone, JJ.[3]),

Clerk

Entered:  January 13, 2025.

---

[3] The panelists are listed in order of seniority.