COMMONWEALTH *vs.* GLEN K. THATCH. No. 93-P-1187. August 10, 1995. *Rape. Practice, Criminal*, Instructions to jury, Verdict. *Jury and Jurors. Evidence*, Judicial discretion, Verbal completeness.

After a jury trial in the Superior Court, the defendant was convicted on a single indictment of rape (G. L. c. 265, § 22[b]).

1. The defendant points out that the evidence supported two incidents of digital penetration (of the victim's anus and vagina) immediately before an act of anal intercourse. He argues that because the trial judge failed to give a "specific unanimity" instruction to the jury, see *Commonwealth* v. *Lemar*, 22 Mass. App. Ct. 170, 171-173 (1986), the jury may not have unanimously agreed he committed the one act of rape with which he was charged in the indictment. To support this contention, the defendant cites *Commonwealth* v. *Conefrey*, 37 Mass. App. Ct. 290, 297-298 (1994), *S.C.*, 420 Mass. 508 (1995), which held that it was error for a judge to refuse to give a specific unanimity instruction if properly requested. He then argues that the judge's refusal to instruct the jury that, in order to convict the defendant of the crime charged, they must agree unanimously that the defendant committed at least one specific act was reversible error. The principle invoked by the defendant is that if there are alternative sets or "bundles" of facts that may support a finding of guilty, then the jury, in order to convict, must reach a unanimous verdict as to at least one of those sets of facts or episodes. See *Commonwealth* v. *Ramos*, 31 Mass. App. Ct. 362, 366-367 (1991). That is, the jury must be unanimous "as to each incident which is the basis of the jury's finding." *Commonwealth* v. *Comtois*, 399 Mass. 668, 676 (1987). See *Commonwealth* v. *Hebert*, 379 Mass. 752, 754, 756 (1980).

The defendant's argument is without merit. A unanimity instruction is required only if there are separate events or episodes and the jurors could otherwise disagree concerning which act a defendant committed and yet convict him of the crime charged. See *Commonwealth* v. *Ramos, supra.* See also *Commonwealth* v. *Conefrey*, 420 Mass. at 514. That danger did not arise in the instant case. Here, the victim recalled in her testimony two

particular occurrences of penetration as part of a sequence of acts immediately preceding the rape for which the defendant was indicted. The acts were described by the victim as a single episode and were not prosecuted as separate offenses. When a single count is charged and where the spatial and temporal separations between acts are short, that is, where the facts show a continuing course of conduct, rather than a succession of clearly detached incidents, a specific unanimity instruction is not required. See *People* v. *Winkle*, 206 Cal. App. 3d 822, 826-830 (1988); *State* v. *Spigarolo*, 210 Conn. 359, 389 (1989); *Gray* v. *United States*, 544 A.2d 1255, 1256-1258 (D.C. 1988); *Bourn* v. *United States*, 567 A.2d 1312, 1318 (D.C. 1989); *People* v. *Cooks*, 446 Mich. 503, 506, 512-513 (1994). Nothing in the record indicates that the victim consented to any one of the acts, as distinct from the others. The jury could only accept or reject the consent defense in toto, and, in either case, they were compelled to reach a unanimous verdict.

2. There was no abuse of discretion in the admission of the testimony of Sergeant Kane, a Westford police officer, concerning the description of the incident given to him by the victim eleven months after the rape. That evidence was admitted not as fresh complaint testimony, but only for Kane's observations of the victim's demeanor at the time her report was made.[1] On direct examination his testimony was limited to recounting the circumstances of the victim's attempt to relate the past events. There was no error in the admission of this testimony. See *Commonwealth* v. *Shine*, 398 Mass. 641, 656 (1986); *Commonwealth* v. *Scanlon*, 412 Mass. 664, 671 (1992) (description of rape victim's demeanor is not fresh complaint testimony). It was defense counsel's cross-examination of the police officer that elicited a portion of the contents of the victim's complaint and that prompted additional details in rebuttal on redirect examination. Once defense counsel introduced a portion of what was said, the assistant district attorney was entitled to put in evidence the complete version of what was said at the same time on the same subject. See *Commonwealth* v. *Watson*, 377 Mass. 814, 828 (1979), *S.C.*, 409 Mass. 110 (1991); Liacos, Massachusetts Evidence 104-105 (6th ed. 1994).

*Judgment affirmed.*

*William R. Hill*, Committee for Public Counsel Services, for the defendant.

*Annemarie Relyea-Chew*, Assistant District Attorney, for the Commonwealth.

---

[1]After a hearing on a pretrial motion in limine by the Commonwealth to introduce fresh complaint testimony by the police officer, the judge ruled that the limited fresh complaint testimony outlined in the motion was sufficiently prompt, see *Commonwealth* v. *McGrath*, 364 Mass 243, 247 (1973), because the victim had been suffering from the effects of rape trauma syndrome. The Commonwealth later withdrew its pretrial request to use Sergeant Kane's testimony as fresh complaint testimony, and we need not reach the question of the propriety of that ruling.