881 So.2d 29 (2004)
Rickie ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0059.
District Court of Appeal of Florida, First District.
July 29, 2004.
Rehearing Denied September 9, 2004.
James T. Miller, Esquire, Jacksonville, for Appellant.
*30 Charlie Crist, Attorney General; Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On direct appeal of convictions for lewd and lascivious conduct and for sexual battery on a ten-year-old, Rickie Robinson contends that the trial court's error in overruling an objection to the prosecutor's closing argument made it possible for the jury to convict on less than a unanimous verdict. We agree, reverse the convictions, and remand for a new trial.
The jury returned a verdict of guilty both of sexual battery, in violation of section 794.011(2)(a), Florida Statutes (2001), and of lewd and lascivious conduct, in violation of section 800.04(5)(b), Florida Statutes (2001), alleged in the information to have occurred "on or between the 17th day of February, 2001 and the 5th day of May, 2001." Evidence was adduced at trial of two distinct episodes, each involving digital and lingual contact with the child's vagina. Without objection, the trial court instructed the jurors that they could not convict unless the State "prove[d] that the crimes were committed on February 27th, 2001 and/or May 5th of 2001."
During closing argument, the trial court overruled defense counsel's timely objection and permitted the prosecutor to misdefine "a unanimous verdict" in arguing to the jurors:
You can find the defendant guilty whether you believe it happened on February 17th or May 5th. Either one. And if some of you believe it happened on one day and the others believe on the May 5th date and some on the February 17th date, you can still have a unanimous verdict to convict.
The trial court erred in allowing this argument because it created "the potential hazard of [a] non-unanimous verdict[ ]." State v. Dell'Orfano, 651 So.2d 1213, 1215 (Fla. 4th DCA 1995).
As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida. This has been an "inviolate tenet of Florida jurisprudence since the State was created." Bottoson v. Moore, 833 So.2d 693, 714 (Fla.2002). See also Dell'Orfano, 651 So.2d at 1215-16 (holding that "[w]here it is reasonable and possible to distinguish between specific incidents or occurrences [of sexual abuse]... then each should be contained in a separate count of the accusatory document" to "remove[ ] the potential hazard of [a] non-unanimous verdict[ ]").
Florida is not alone in requiring unanimous verdicts in criminal cases. See, e.g., Francis v. State, 36 S.W.3d 121, 124-25 (Tex.Crim.App.2000) (reversing where a jury charge  "[i]f you find ... the Defendant ... did ... engage in sexual contact by touching the breast or genitals"  allowed a conviction on less than a unanimous jury verdict, because by charging "[t]he breast-touching and the genital-touching[, which] were two different offenses[,] ... in the disjunctive .... it is possible that six members of the jury convicted appellant on the breast-touching offense ... and six members convicted appellant on the genital-touching offense"). See also Cooksey v. State, 359 Md. 1, 752 A.2d 606, 618 (2000); Commw. v. Conefrey, 420 Mass. 508, 650 N.E.2d 1268, 1272 (1995) (reversing because "there exists the distinct possibility that the jury did not agree about which of those numerous incidents actually occurred"); State v. Sandve, 1999 WL 366568, at *4 (Minn.Ct.App. June 8, 1999) (unpublished); State v. Weaver, 290 Mont. 58, 964 P.2d 713, 721 (1998) ("[W]e hold that the District Court should have given an instruction to make it clear to the jury that it was required to reach a *31 unanimous verdict on at least one specific act for each count."). But cf. Schad v. Arizona, 501 U.S. 624, 630-45, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991) (plurality opinion) (holding unanimity was not required as to alternative, equally culpable, mental states where a single crime was charged); Commw. v. Thatch, 39 Mass.App.Ct. 904, 653 N.E.2d 1121, 1123 (1995) ("When a single count is charged and where the spatial and temporal separations between acts are short, ... rather than a succession of clearly detached incidents, a specific unanimity instruction is not required."). As the Fifth Circuit has held, where a single count embraces two or more separate offenses, albeit in violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act. United States v. Holley, 942 F.2d 916, 927-29 (5th Cir.1991).
At issue in the present case is the propriety of the prosecutor's closing argument, not the jury instructions. "The key question in determining proper review of an improper argument is whether or not the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion be reached, the judgment should be reversed. McCall v. State, 120 Fla. 707, 163 So. 38 (Fla.1935)." Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982). From the record in the present case, we cannot "see ... that the conduct of the prosecuting attorney did not prejudice the accused." McCall, 120 Fla. at 728, 163 So. at 46. See Goodwin v. State, 751 So.2d 537, 544 (Fla.1999); State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The prosecutor's argument, allowed over defense objection, encouraged the jurors to convict even if they did not reach a unanimous verdict of the kind the cases require.
Reversed and remanded.
LEWIS, J., concurs; ERVIN, J., dissents with opinion.
ERVIN, J., dissenting.
Because of the majority's disposition of the sole issue that it has addressed, it apparently deems it unnecessary to address appellant's remaining two issues, which are that the trial court abused its discretion in allowing the admission of collateral crime evidence, which was too remote in time to be properly considered similar and relevant, and that the court failed to make sufficient findings regarding the safeguards of reliability to permit the admission of child hearsay statements, as required by section 90.803(23), Florida Statutes (2002). I would summarily affirm as to both, and conclude as to the first, there was no abuse of discretion, and, as to the second, that the findings complied with the statutory standards.
Turning to the first issue, which the majority decides requires reversal of appellant's convictions, I am unsure whether the majority has concluded that the error[1] the lower court made in overruling the objection to the prosecutor's misleading argument regarding lack of unanimity in the verdicts to be returned is per se reversible error, making a harmless error analysis unnecessary. See Hannah v. State, 732 So.2d 3 (Fla. 1st DCA 1999). If this is the effect of its decision, I strongly disagree. Florida case law has never applied a per se rule to comments of this sort. Instead, the general rule that the *32 state is required to prove there is no reasonable possibility that the error complained of contributed to the convictions applies to both constitutional errors, such as that now before us, and to non-constitutional errors in criminal trials. See Goodwin v. State, 751 So.2d 537 (Fla.1999). By comparison, a prosecutor's improper comment on a defendant's right to remain silent is subject to a harmless error standard. SeeState v. DiGuilio, 491 So.2d 1129 (Fla.1986).
In my judgment, the record establishes that the court's error in not sustaining the objection to the misleading comment was at most only harmless. The court's instructions to the jury at the conclusion of the case included the statement that the jury's verdict must be unanimous. Not only were no objections made to the instructions, but the form for each of the two verdicts returned recited the standard language finding the defendant guilty of each of the offenses "charged in the information," and concluded with the language, "So say we all." Following the reception of the verdicts, each individual juror was polled, and answered affirmatively that the verdicts returned were his or her own. The jury was thereafter discharged without any objection, and it was only in the motion for new trial that the defense first claimed, notwithstanding record evidence clearly to the contrary, that "it was impossible to tell from the verdict forms whether the jury was unanimous on the crimes charged ... for each date charged."
In my opinion, any potential jury-confusion that may have resulted from the prosecutor's misleading arguments was clearly allayed by what transpired later during the trial. In this regard, I find the Florida Supreme Court's analysis of a somewhat similar issue in Williams v. State, 438 So.2d 781 (Fla.1983), helpful in reaching a correct resolution of the question before us. There, after the jury had inquired whether its verdict must be unanimous as to both degree of the crime and guilt, it withdrew its question and returned a verdict explicitly stating its unanimous agreement that the defendant was guilty of the crime charged. The jury was subsequently polled, with each individual juror accepting responsibility for the verdict. On review, the court decided that, based on these factors, no confusion occurred which could have deprived the defendant to his right to a unanimous verdict as to degree as well as guilt, as guaranteed by both the federal and state constitutions.
Just as the court in Williams concluded that the circumstances surrounding the return of the jury's verdict "firmly establish the jury's understanding that its verdict must be unanimous," id. at 784, so, also, in my judgment, do the circumstances in the case at bar. Because the state satisfied the harmless error test demanded by DiGuilio, I would affirm the convictions.
NOTES
[1] I agree with the majority's tacit conclusion that the error was preserved, despite the failure of defense counsel to seek either a curative instruction or a mistrial, because of the contemporaneous objection, which was overruled. See Holton v. State, 573 So.2d 284 (Fla.1990).