CLARK, J.
 

 Terry Perry appeals his judgment and sentence for capital sexual battery and sexual battery. The victim was his daughter and the crimes occurred over a span of years, before and after the victim’s twelfth birthday. He raises three issues, only one of which merits discussion.
 

 Appellant seeks reversal of his convictions due to the trial court’s denial of his request for a jury verdict form containing specific choices for the jury of which method of sexual battery appellant committed. Count I of the second amended information charged the defendant as follows:
 

 TERRY PERRY, on or between May 1, 2000, and July 22, 2001, in the County of Duval and the State of Florida, being a person 18 years of age or older, did commit a sexual battery upon [the victim], a person less than 12 years of age, by placing his penis upon the vagina of [victim] and/or placing his mouth in or upon the vagina of [victim], and/or placing his finger in or upon the vagina of [victim], contrary to the provisions of section 794.011(2)(a), Florida Statutes.
 

 Count III of the information pertained to a subsequent time period and alleged similar multiple scenarios, each of which would constitute sexual battery by a person in familial or custodial authority upon a person 12 years of age or older but less that 18 years of age, in violation of section 794.011(8)(b), Florida Statutes.
 

 
 *697
 
 At trial, defense counsel objected to the verdict form, which provided the jury the options of finding the defendant 1) guilty of sexual battery “as charged in the information,” 2) guilty of battery as a lesser included offense, or 3) not guilty. For purposes of enhanced sentencing, the verdict form provided for specific findings regarding penetration and the defendant’s age, but did not provide for specific findings as to which of the underlying methods or acts charged in the information were committed by the defendant and led the jurors to their conclusion that defendant committed sexual battery. Counsel argued that the lack of particulars in the verdict form to support the jury’s conclusion allowed the possibility for a non-unanimous verdict because some jurors could conclude that the defendant committed one method of sexual battery while other jurors could conclude that he committed another method, yet all could find him guilty of the crime as charged. The trial court denied defense counsel’s request for a more detailed verdict form. The jury ultimately returned a guilty verdict on both counts I and III, found that defendant penetrated the vagina of the victim, and, for count I, that appellant was over the age of 18.
 

 “Unanimous” is defined as “arrived at by the consent of all.” Black’s Law Dictionary 1559 (8th Ed. 2004). Although neither the Florida nor Federal Constitutions contain the term “unanimous” in connection with jury trials or verdicts, the requirement that a jury verdict in a criminal case must be unanimous has long been recognized in Florida. As discussed by Justice Shaw in his concurring opinion in
 
 Bottoson v. Moore,
 
 833 So.2d 693, 714 (Fla.2002)(Shaw, J., concurring in result only), “[bjefore jurors can return a guilty verdict, they must unanimously agree that each element of the charged offense has been established beyond a reasonable doubt. This requirement of unanimity has been an inviolate tenet of Florida jurisprudence since the State was created.”
 
 See also
 
 Fla. R.Crim. P. 3.440 (“No verdict may be rendered unless all of the trial jurors concur in it”); Michael E. Allen,
 
 Florida Criminal Procedure,
 
 § 18.18, West Fla. Practice Series, Vol. 22 (2009). The verdict form’s significance in demonstrating the jury’s uniform agreement on the facts to support the elements of the crime is not so well established.
 

 Appellant relies on
 
 United States v. Holley,
 
 942 F.2d 916 (5th Cir.1991), for his position that a unanimous verdict required the jurors to agree on the particular acts committed by the defendant which constituted sexual battery. In
 
 Holley,
 
 the defendant was charged with perjury by making several separate false statements, any of which would support a conviction. Holley argued that in order for the jury’s verdict to be unanimous, the jury was required to make a specific finding of which statements were made. The Fifth Circuit agreed, finding it necessary for the jury to agree on “the knowing falsity of at least one particular statement.”
 
 United States v. Holley,
 
 942 F.2d at 929. The Fifth Circuit distinguished Holley’s case from other federal cases including
 
 Schad v. Arizona,
 
 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991)(method of killing need not be agreed upon for jury to find defendant guilty of murder). The discussion of “unanimity” in
 
 Holley
 
 is instructive, but the perjury case is not directly applicable to the facts of this case and is not binding precedent upon this court.
 
 State v. Dwyer,
 
 332 So.2d 333 (Fla.1976).
 

 In Florida, the prosecution for sexual battery upon a child is treated differently than other crimes in terms of charging documents, multiple dates and acts, and statutory definitions.
 
 Whittingham v.
 
 
 *698
 

 State,
 
 974 So.2d 616, 618 (Fla. 4th DCA 2008). The statutory definition of sexual battery includes several alternatives, all of which constitute sexual battery. § 794.011(l)(h), Fla. Stat. (2006). The second amended information in appellant’s case contained the pertinent portions of the applicable statutory language, alleged the essential elements of the crime, and adequately placed Perry on notice that he was being charged with sexual battery. Accordingly, the information comported with due process.
 
 Price v. State,
 
 995 So.2d 401 (Fla.2008);
 
 See also
 
 Fla. R.Crim. P. 3.140(o). The definitions contained in section 794.011, Florida Statutes, contemplate proof of sexual battery by alternative methods. Because the legislature has the primary authority for defining crimes, charging documents which track the statutory language are presumably sufficient to notify the accused of the misconduct or offense with which he or she is charged.
 
 Chicone v. State,
 
 684 So.2d 736 (Fla.1996).
 

 Appellant’s reliance on
 
 Robinson v. State,
 
 881 So.2d 29 (Fla. 1st DCA 2004), is also misplaced. In
 
 Robinson,
 
 the Appellant challenged his convictions for lewd and lascivious conduct and sexual battery on a child by claiming that the prosecutor’s closing argument made it possible “to convict on less than a unanimous verdict.”
 
 Robinson v. State,
 
 881 So.2d at 30. The prosecutor’s argument to the jury included the statement:
 

 You can find the defendant guilty whether you believe it happened on February 17th or May 5th. Either one. And if some of you believe it happened on one day and the others believe on the May 5th date and some on the February 17th date, you can still have a unanimous verdict to convict.
 

 Id.
 
 This court found that the prosecutor’s argument “created the potential hazard of a non-unanimous verdict” and thus should not have been allowed.
 
 Id., quoting State v. Dell’Orfano,
 
 651 So.2d 1213 (Fla. 4th DCA 1995). In
 
 Dell’Orfano,
 
 the appellate court reversed the trial court’s dismissal of the amended information “to give the state an opportunity to amend.”
 
 State v. Dell’Orfano,
 
 651 So.2d at 1216. The District Court of Appeal agreed with the trial court that the allegations of one criminal act occurring on ten distinct occasions encompassed in four counts of the information invited a non-unanimous verdict. In remanding the case, the Fourth District held that “where it is reasonable and possible to distinguish between specific incidents or occurrences, as it is in this case, then each should be contained in a separate count of the accusatory document.”
 
 Id.
 

 Unlike
 
 Robinson
 
 and
 
 Dell’Orfa-no,
 
 appellant here is not challenging allegations of multiple time frames for the commission of sexual battery. Here, appellant argues that the lack of detail contained in the jury verdict form rendered the verdict non-unanimous. Appellant refers to no case precedent, statute, or rule of procedure — -and this court has located no such authority — requiring a special verdict form which adds specificity to the statutory definition of sexual battery in order for a jury to find a defendant guilty of committing sexual battery. Appellant never alleged at trial that the verdict form would confuse or mislead the jury and that the proposed verdict form would alleviate such confusion. For jury instructions, it is well settled that special jury instructions must not be misleading or confusing.
 
 Stephens v. State,
 
 787 So.2d 747 (Fla.),
 
 cert. denied,
 
 534 U.S. 1025, 122 S.Ct. 556, 151 L.Ed.2d 431 (2001). It follows that a confusing or misleading jury verdict form would also be improper. It is also well settled that for murder convictions, no special jury instruction requiring unanimity
 
 *699
 
 on the type of murder, whether felony murder or pre-meditated murder, is required.
 
 Parker v. State,
 
 641 So.2d 369, 375 (Fla.1994) (“special verdicts identifying the type of murder are not required.”). Applying the rule in
 
 Parker
 
 to this case, the trial court’s denial of defendant’s requested special jury verdict form indicating unanimity on the particular method of sexual battery on a child did not preclude unanimity of the verdict and did not constitute error.
 

 AFFIRMED.
 

 KAHN and DAVIS, JJ., concur.