Following a trial in the Superior Court, a jury found the defendant guilty on seven indictments charging him with cruelty to animals ( G. L. c. 272, § 77 ),[2] one indictment charging fraudulent use of water ( G. L. c. 165, § 11 ), and one indictment charging larceny under $250 ( G. L. c. 266, § 30 ). The jury also found the defendant responsible on a charge of operating a dog kennel without a license ( G. L. c. 140, §§ 137A & 141 ). Based on the evidence at trial,[3] the judge ordered the defendant to pay restitution to the city of Quincy (city) for his fraudulent use of water in the amount of $2,112.21.[4]
On appeal, the defendant argues that (1) the judge's failure to give a specific unanimity instruction as to the cruelty to animals charges created a substantial risk of a miscarriage of justice, (2) he should not have been found responsible for keeping an unlicensed kennel because his conduct was not prohibited by the kennel licensure statute, and (3) the judge's order of restitution for water usage must be vacated because it was based on an arbitrary calculation. We agree that the order of restitution to the city's water department must be vacated. We otherwise affirm the judgments.
Specific unanimity instruction. The defendant contends that the judge erred in not giving a specific unanimity instruction regarding the cruelty to animals indictments and argues that the jurors may have convicted him without agreeing on which specific act constituted the offense charged in each indictment. See Commonwealth v. Shea, 467 Mass. 788, 798 (2014). The defendant did not request such an instruction, nor did he object to the instructions as given. We therefore review the absence of such instruction for a substantial risk of a miscarriage of justice. See generally Commonwealth v. Keevan, 400 Mass. 557, 566-567 (1987).
"When a single count is charged and where the spatial and temporal separations between acts are short, that is, where the facts show a continuing course of conduct, rather than a succession of clearly detached incidents, a specific unanimity instruction is not required." Commonwealth v. Thatch, 39 Mass. App. Ct. 904, 905 (1995). Here, the Commonwealth provided evidence that the defendant was guilty of seven charges of animal cruelty in relation to seven dogs seized from the 23-25 Kidder Street basement. The testimony at trial indicated that the defendant repeatedly abused his dogs by failing to provide each of the seven dogs with proper food, drink, shelter, and a sanitary environment. The defendant's overlapping conduct in which he exposed the dogs to sharp objects, untreated injuries, excrement-covered floors, and insufficient food, water, and natural light constituted one unbroken criminal episode. Thus, the facts in this case demonstrated a continuous course of conduct, and the absence of a specific unanimity instruction did not create a substantial risk of a miscarriage of justice. See Keevan, 400 Mass. at 567.
Operating a kennel without a license. A "kennel" is defined by statute as "a pack or collection of dogs on a single premise, including a commercial boarding or training kennel, commercial breeder kennel, domestic charitable corporation kennel, personal kennel or veterinary kennel."[5] G. L. c. 140, § 136A, as appearing in St. 2012, c. 193, § 4. Kennel licenses are governed by G. L. c. 140, § 137A(a ), as appearing in St. 2012, c. 193, § 4, which provides that "[a] person maintaining a kennel shall obtain a kennel license." Failure to obtain a kennel license may result in a civil penalty pursuant to G. L. c. 140, § 141.
Evidence at trial was uncontroverted that the defendant did not possess a kennel license for any dogs kept at the 23-25 Kidder Street property. The defendant argues for the first time on appeal that the basement where he kept the dogs was not a "single premise" under G. L. c. 140, § 136A, because 23-25 Kidder Street was once a two-family home. We reject the defendant's extremely restrictive reading of the statute where prior cases have interpreted "single premise" to include vast swaths of land and multiple distinct dwellings. See, e.g., Mioduszewski v. Saugus, 337 Mass. 140, 141 (1958) (ten to twelve acres of land); Hume v. Building Inspector of Westford, 355 Mass. 179, 180 (1969) (one and one-third acres of land); Sturbridge v. McDowell, 35 Mass. App. Ct. 924, 924 (1993) (eighty-two acres of land). Here, the 23-25 Kidder Street basement was undivided and was at the time unconnected to the aboveground portion of the abandoned two-family home. Evidence at trial showed that the defendant maintained a personal kennel by keeping seven dogs over the age of three months on the same premises. The evidence was sufficient to support the finding that the defendant was responsible on the charge of violating G. L. c. 140, §§ 137A and 141, by failing to obtain a kennel license.
Restitution.[6] We review a judge's restitution order for abuse of discretion or other error of law. See Commonwealth v. McIntyre, 436 Mass. 829, 836 (2002). A judge considering restitution must first "determine the amount of the victim's actual economic loss causally connected to the defendant's crime." Commonwealth v. Henry, 475 Mass. 117, 121 (2016). "Restitution may be ordered only for those economic losses adequately documented by the victim and established by the Commonwealth," and "[t]here must be a sound basis in the evidence for the calculation." Commonwealth v. Buckley, 90 Mass. App. Ct. 177, 184 (2016). "If the record reveals an arbitrary method of determining the amount of restitution, the order cannot stand." Commonwealth v. Nawn, 394 Mass. 1, 7 (1985).
Here, the calculation of restitution in the amount of $2,112.21 was based on a bill from the city's "[s]ewer, [w]ater, [d]rain [d]epartment" that was admitted in evidence. The bill provides a total amount due, but does not provide an explanation of how the total was calculated. Furthermore, testimony from the city's chief plumbing and gas inspector suggested that there was no way to measure how much water the defendant used at the 23-25 Kidder Street premises after 2007. Even if the amount listed on the bill was the result of an estimate of the defendant's use over the relevant time, the record does not reveal the method used for the estimate or the causal relationship to the defendant's crime. Accordingly, the Commonwealth failed to meet its burden to prove the amount of the city's loss by a preponderance of the evidence, and that portion of the order of restitution must be vacated. See Commonwealth v. Casanova, 65 Mass. App. Ct. 750, 757 (2006).
Conclusion. The portion of the order of restitution in the amount of $2,112.21 to be paid to the city's water department is vacated. The judgments are otherwise affirmed.
So ordered.
Vacated in part; affirmed in part.

The jury found the defendant not guilty on five additional indictments charging him with cruelty to animals.

The judge did not conduct a separate restitution hearing.

The judge also ordered the defendant to pay restitution of $36,260 to the city's animal shelter.

A personal kennel is defined as "a pack or collection of more than 4 dogs, 3 months old or older, owned or kept under single ownership, for private personal use; provided, however, that breeding of personally owned dogs may take place for the purpose of improving, exhibiting or showing the breed or for use in legal sporting activity or for other personal reasons; provided further, that selling, trading, bartering or distributing such breeding from a personal kennel shall be to other breeders or individuals by private sale only and not to wholesalers, brokers or pet shops; provided further, that a personal kennel shall not sell, trade, barter or distribute a dog not bred from its personally-owned dog; and provided further, that dogs temporarily housed at a personal kennel, in conjunction with an animal shelter or rescue registered with the department, may be sold, traded, bartered or distributed if the transfer is not for profit." G. L. c. 140, § 136A, as appearing in St. 2012, c. 193, § 4.

The defendant does not appeal from the order of restitution in the amount of $36,260 to the city's animal shelter.