DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FELIKS VEYBERMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-3094

[May 28, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. 20-003150CF10A.

Daniel Eisinger, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and A. Colleen Donald, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's conviction and sentence. Appellant's sole challenge is that a jury instruction amounted to fundamental error. However, fundamental error is waived where defense counsel requests or affirmatively agrees to an improper instruction. *See Armstrong v. State*, 579 So. 2d 734, 735 (Fla. 1991) (footnote omitted) ("By affirmatively requesting the instruction he now challenges, Armstrong has waived any claim of error in the instruction. Any other holding would allow a defendant to intentionally inject error into the trial and then await the outcome with the expectation that if he is found guilty the conviction will be automatically reversed.").

KLINGENSMITH, C.J., and DAMOORGIAN, J., concur.
WARNER, J., concurs specially with opinion.

WARNER, J., concurring specially.

I agree with the majority that any fundamental error claim has been waived. But I question whether the jury instruction can be found erroneous for allowing the potential of a non-unanimous verdict in this burglary case.

The State had charged the defendant with a single burglary, alternatively alleging that the defendant had committed the burglary by either entering in or remaining in the home with the intent to commit a battery. After considerable discussion at the charge conference, the trial court combined the two separate standard instructions as to the means of committing the burglary into one instruction, which the defendant had suggested. Appellant claims that this was fundamental error, because the combined instruction could result in a non-unanimous verdict as to the means of committing the burglary. *See Robinson v. State,* 881 So. 2d 29, 30 (Fla. 1st DCA 2004).

I suggest that our Supreme Court's adoption of *Schad v. Arizona,* 501 U.S. 624, 645, (1991), *abrogation recognized on other grounds, Edwards v. Vannoy,* 593 U.S. 255, 265 n.4 (2021), in *Mansfield v. State,* 911 So. 2d 1160 (Fla. 2005), has called into question whether a jury must agree unanimously to the same means of committing an offense. In *Schad,* the Supreme Court held that a jury did not have to unanimously agree on the mens rea of first-degree murder to satisfy the Fifth Amendment when the jury was charged with both premeditated murder and felony murder. The majority noted:

> We have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone. In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." *McKoy v. North Carolina,* 494 U.S. 433, 449, 110 S.Ct. 1227, 1236–1237, 108 L.Ed.2d 369 (1990) (Blackmun, J., concurring) (footnotes omitted).

*Id.* at 631–32; *see Dillard v. State,* 329 So. 3d 788, 790 (Fla. 2d DCA 2021) ("To be sure, Mr. Dillard's jury was presented with alternative theories of his crime, either one of which would sustain his conviction. But . . . under Florida law, it does not make his verdict non-unanimous.).

2

The *Schad* majority further explained:

> [L]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes . . . . If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact, independent elements under state law.

*Id.* at 636 (footnote omitted); *see also United States v. Holley,* 942 F.2d 916, 927-29 (5th Cir. 1991) (holding where a single count embraces two or more *separate offenses,* albeit in violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act).

In articulating burglary's elements, our supreme court has treated "entering" or "remaining in" as one element. *State v. Waters*, 436 So. 2d 66, 69 (Fla. 1983) ("The essential elements of burglary as defined in section 810.02 are (1) entering or remaining in, (2) a structure or conveyance, (3) with intent to commit an offense therein.") (footnote omitted). Therefore, for this element, jury unanimity is not required as to the method of entry, because the alternative methods are not independent elements under section 810.02.

The State has not addressed this issue and therefore the issue is properly not addressed in a binding opinion. But by applying *Schad,* I also conclude that the jury instruction combining "entering in or remaining in" as the methods of commission of a single burglary does not make it constitutionally infirm.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***