NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-889

COMMONWEALTH

vs.

DAVID J. TERILLI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b), and assault and battery on a family or household member, G. L. c. 265, § 13M (a).  On appeal, he claims that the judge's failure to sua sponte instruct the jury on the lesser included offense of assault and battery created a substantial risk of a miscarriage of justice, and that the judge's failure to give a specific unanimity instruction was prejudicial error. We affirm.

1.  Instruction on lesser included offense.  When a defendant fails to request a specific jury instruction and does not object to its omission at trial, we review for error.  See

Commonwealth v. Lockwood, 95 Mass. App. Ct. 189, 196 n.6 (2019). If there was error, then we determine whether that error created a substantial risk of a miscarriage of justice. See id.

When there is a request for a lesser included instruction and the evidence permits such a finding, the judge must instruct the jury on the lesser included offense. See Commonwealth v. Woodward, 427 Mass. 659, 662-663 (1998). When there is no request for a lesser included instruction, and the evidence permits such a finding, a judge may, but is not required to, sua sponte give the instruction. See Commonwealth v. Berry, 431 Mass. 326, 338 (2000). See also Commonwealth v. Roberts, 407 Mass. 731, 737 (1990). Ordinarily, for a defendant to be entitled to an instruction on a lesser included offense, the evidence must permit the finding, and the defendant must request the instruction. See Commonwealth v. Gilliard, 36 Mass. App. Ct. 183, 191 (1994). In some contexts, our courts have refused to conclude that the failure of a judge to sua sponte instruct on a lesser included offense amounts to error. See Roberts, supra; Commonwealth v. Pamplona, 58 Mass. App. Ct. 239, 244 (2003); Commonwealth v. Mills, 54 Mass. App. Ct. 552, 554 (2002).

Furthermore, sua sponte instructing a jury on a lesser included offense may undercut the defendant's trial strategy.

2

See Mills, 54 Mass. App. Ct. at 554.  Often the decision to not request a lesser included instruction is part of "an all-or-nothing" strategy.  Id.  See Roberts, 407 Mass. at 738-739. Forcing judges to instruct on a lesser included offense whenever the evidence permits, especially when neither party requests the instruction, could undermine the principle that defendants are, generally, the master of their defense.  See generally McCoy v. Louisiana, 584 U.S. 414, 422 (2018).

Here, neither the Commonwealth nor defense counsel requested the trial judge to instruct on the lesser included offense of assault and battery.  While the evidence permitted a finding of the lesser included offense of assault and battery, Berry, 431 Mass. at 337-338, and Roberts, 407 Mass. at 737, emphasize that the mere fact that a lesser included instruction is permissible does not, by itself, impose on the judge an obligation to sua sponte so instruct.  See Commonwealth v. Miller, 457 Mass. 69, 81 (2010).

Additionally, defense counsel's closing argument suggested that his trial strategy was all-or-nothing.[1]  Thus, a lesser

---

[1] In his closing argument, defense counsel suggested that the assault or battery did not occur.  Defense counsel stated the following during closing argument:  "[The victim] has many reasons to lie"; "where are the injuries"; "[n]o cuts, no bleeding, no scratches, no bruising"; "[t]his isn't about assault and battery"; and "[s]he said she wasn't assaulted in any way."

included instruction was not only unnecessary, it would also have undermined the defense strategy. See Mills, 54 Mass. App. Ct. at 554. The judge's decision to not instruct the jury on the lesser included offense of assault and battery was not error, and as such, there was no risk that justice miscarried.

2. Specific unanimity instruction. When a defendant timely objects to a jury instruction, we review for prejudicial error. See Commonwealth v. Wolfe, 478 Mass. 142, 144 (2017). Here, defense counsel timely objected to the denial of his request for a specific unanimity instruction.

A specific unanimity instruction "indicates to the jury they must be unanimous as to which specific act constitutes the offense charged." Commonwealth v. Keevan, 400 Mass. 557, 567 (1987). This instruction is only necessary when the conduct alleged consists of "separate events or episodes and the jurors could otherwise disagree concerning which act a defendant committed and yet convict him of the crime charged." Commonwealth v. Thatch, 39 Mass. App. Ct. 904, 904 (1995). Conversely, this instruction is not necessary "[w]hen a single count is charged and where the spatial and temporal separations between acts are short, that is, where the facts show a continuing course of conduct, rather than a succession of clearly detached incidents . . . ." Commonwealth v. Pimental,

4

54 Mass. App. Ct. 325, 329 (2002), quoting Thatch, 39 Mass. App. Ct. at 905. See Commonwealth v. Santos, 440 Mass. 281, 286 (2003), overruled on other grounds by Commonwealth v. Anderson, 461 Mass. 616, cert. denied, 568 U.S. 946 (2012) ("In the absence of some distinguishing differences between the successive events, there is no reason to fear that the jury will pick and choose among the alleged incidents and convict the defendant while disagreeing as to which of them were committed").

Here, the defendant's acts constituted a continuing course of conduct, not separate events. The temporal separation between the defendant's acts was slight, as the entire incident occurred inside a car and lasted approximately thirty minutes. Furthermore, rather than charging the defendant with multiple counts of assault and battery, the Commonwealth prosecuted the conduct as a single episode. See Thatch, 39 Mass. App. Ct. at 905. These facts do not suggest a "succession of clearly detached incidents," but rather demonstrate a continuing course of conduct. Id.

Contrary to the defendant's claim, this case is unlike Commonwealth v. Conefrey, 420 Mass. 508, 516 (1995), where the Supreme Judicial Court determined that a specific unanimity instruction should have been given. In Conefrey, the victim

testified to eight separate incidents of indecent assault and battery on a child under the age of fourteen over the course of a year. See id. at 510. Several of the eight incidents occurred on different dates, albeit unspecified dates, and in different locations. See id. at 510, 514. As stated above, here, there were no separate incidents. Also, in Conefrey, there was concern that the jurors may have convicted the defendant on some of the eight acts, while other jurors convicted him on the other acts. See id. at 514. Here, there existed no such separation. The judge did not err in denying the request for a specific unanimity instruction.

Judgments affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[2]),

Clerk

Entered: September 23, 2025.

---

[2] The panelists are listed in order of seniority.