# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1037
Lower Tribunal No. F22-6067
_____

**Matthew Davis,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

GORDO, J.

Matthew Davis ("Davis") appeals from a final judgment of conviction and sentence following a jury trial. We have jurisdiction. Fla. R. App. P. 9.140(b)(1)(A). We affirm Davis' conviction for burglary with battery without further discussion. We reverse his conviction for custodial interference and remand for a new trial.

Davis argues the trial court violated his fundamental right to a unanimous jury verdict by permitting the jury to deliberate on two distinct instances of custodial interference when he was charged with only one count.[1] We agree.

"As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida." Robinson v. State, 881 So. 2d 29, 30 (Fla. 1st DCA 2004)). "This has been an 'inviolate tenet of Florida jurisprudence since the State was created.'" Id. (quoting Bottoson v. Moore, 833 So. 2d 693, 714 (Fla. 2002)). "Fundamental error occurs where the jury is allowed 'to deliberate on two separate instances of a crime where the defendant was only charged with one count of the crime.'" Parsons v. State, 376 So. 3d 747, 749 (Fla. 4th DCA 2024) (quoting Perley v. State, 947 So. 2d 672, 674

---

[1] Both the State and Davis concede that "[b]ecause this argument is being made for the first time on appeal, the issue is reviewed for fundamental error." Cherfrere v. State, 277 So. 3d 611, 614 (Fla. 4th DCA 2019). "A claim of fundamental error is reviewed de novo." Grant v. State, 266 So. 3d 203, 205 (Fla. 4th DCA 2019).

(Fla. 4th DCA 2007)). "Where it is reasonable and possible to distinguish between specific incidents or occurrences, then each should be contained in a separate count of the accusatory document." Pestano v. State, 306 So. 3d 1025, 1027 (Fla. 3d DCA 2020) (quoting State v. Dell'Orfano, 651 So. 2d 1213, 1216 (Fla. 4th DCA 1995)).

Here, the State charged only one count of custodial interference but presented to the jury that Davis committed custodial interference on two separate dates—March 20, 2022, and April 2, 2022. These were distinct incidents yet the jury was permitted to deliberate on both while Davis was charged with only a single count. The verdict form did not specify a date of occurrence and did not require the jury to unanimously agree on which specific incident formed the basis of the custodial interference conviction. This contravenes the constitutional guarantee of a unanimous jury verdict, which constituted fundamental error.[2] Accordingly, we reverse and remand for a new trial on the custodial interference charge. See Blackwell v. State,

---

[2] While the State argues the March 20 and April 2 incidents were a single "continuing course of conduct," this argument defies logic because every element of custodial interference was completed when Davis allegedly took his son on March 20, resulting in a single, completed offense. After Davis returned his son to school on March 28, the child remained in his mother's custody until a separate and independent incident allegedly occurred in April. Treating two discrete acts—separated by nearly a week and by an intervening return of custody—as a single continuing offense of custodial interference is untenable.

389 So. 3d 633, 635 (Fla. 3d DCA 2023) ("In Florida, a jury verdict must be unanimous."); Fla. R. Crim. P. 3.440 ("No verdict may be rendered unless all of the trial jurors concur in it."); Fla. Std. Jury Instr. (Crim.) 3.12 ("The verdict must be unanimous, that is, all of you must agree to the same verdict."); Shahgodary v. State, 336 So. 3d 8, 11-13 (Fla. 4th DCA 2022) ("As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida. This means jurors must unanimously agree that each element of the charged offense has been established beyond a reasonable doubt. Thus, where a single count embraces two or more separate offenses, albeit in violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act. An infringement upon a defendant's right to a unanimous jury verdict can result in fundamental error. . . . Under these circumstances, it is difficult, if not impossible, to determine for which act the jury convicted Defendant, or if the jury reached a unanimous decision. Therefore . . . we hold that the error amounted to fundamental error and reverse and remand for a new trial.") (internal quotation marks and citations omitted).

Affirmed in part; reversed in part and remanded.

4