NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-910

COMMONWEALTH

vs.

ARCILIO PACHECO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is the direct appeal of defendant Arcilio Pacheco, who was convicted after a jury trial of one count of rape in violation of G. L. c. 265, § 22 (b). He makes two arguments on appeal. We affirm the defendant's conviction.

Discussion. 1. Video recording. First, the appellant argues that the judge erred in allowing the jury to see a video recording (video) of a police interview of the defendant, who was restrained by handcuffs. He argues that the judge neither explicitly weighed the risk of unfair prejudice against the probative value of the video to determine whether the former substantially outweighed the latter, nor provided a curative instruction telling the jurors they were not permitted to draw

any negative inference from the fact that he was restrained in the video.  See Commonwealth v. Bonnett, 472 Mass. 827, 839-840 (2015) ("recording showing the defendant to have been handcuffed at the police station" is subject to probative value/risk of unfair prejudice balancing test).  Defense counsel did not object to the admission of the video at trial, nor did he seek any instruction with respect to the fact that the defendant was shown in restraints.

The defendant, however, does not argue with respect to this particular video that the risk of unfair prejudice substantially outweighed the probative value of the evidence.  See, e.g., Gath v. M/A-Com, Inc., 440 Mass. 482, 490 (2003) (it is appropriate to exclude evidence where "its probative value is substantially outweighed by the danger of unfair prejudice").  Indeed, the defendant, who is the appellant, has not provided us with a copy of the video, so if that were his claim, we could neither determine whether the admission of the video was in error nor whether it created a substantial risk of a miscarriage of justice, the standard under which we review unpreserved claims of error.  See Commonwealth v. Davis, 487 Mass. 448, 467 (2021).

Rather, he argues that the admission of the video showing the defendant restrained -- regardless of the particulars of what the video showed -- in the absence of a sua sponte judicial weighing of the risk of unfair prejudice and probative value, or

2

a curative instruction, amounts to structural error under the State and Federal constitutions requiring a new trial.

The defendant provides no support for this novel proposition. In Bonnett, 472 Mass. at 839-840, the Supreme Judicial Court concluded there was, at least in those circumstances, no error in the admission of a video showing a defendant in handcuffs at a police station. Obviously, then, there was no need for a curative instruction. Accordingly, Bonnett establishes that in at least some cases, the admission of a video showing the defendant in handcuffs does not require a curative instruction.

And, although it is true that, where a judge orders a defendant restrained in the courtroom during a jury trial, the judge must give the jury an instruction cautioning against prejudice that might arise from the restraints, see Commonwealth v. Brown, 364 Mass. 471, 476 (1973), the defendant has not persuaded us that a judge must sua sponte give such an instruction when a party introduces a videotaped police interrogation of the defendant restrained by handcuffs. He has cited no case from any jurisdiction stating such a rule, and has not provided us with even a single example of such a video that we could examine in assessing his claim.

2. Specific unanimity instruction. The defendant argues next that the judge should have sua sponte given a specific

unanimity instruction.  A judge must give a specific unanimity instruction where "there are separate events or episodes and the jurors could otherwise disagree concerning which act a defendant committed and yet convict him of the crime charged." Commonwealth v. Thatch, 39 Mass. App. Ct. 904, 904 (1995).  This instruction is warranted when the prosecutor, on a single charged offense, presents evidence of "separate, discrete incidents, any one of which would suffice by itself to make out the crime charged."  Commonwealth v. Shea, 467 Mass. 788, 798 (2014), quoting Commonwealth v. Santos, 440 Mass. 281, 284-285 (2003).  The defendant argues that, although there was only a single charge of rape, "the evidence presented at trial suggested the possibility of four separate penetrative incidents involving three different types of penetration:  mouth to vagina, fingers to vagina, and penis to vagina."  The defendant provided the evidence of nonpenile penetration in his testimony; the Commonwealth did not offer it.

To begin with, the judge instructed the jury, without objection, that the verdict slip would read, "rape . . . specification penis to vagina."  And indeed, that is what the verdict slip read.  Accordingly, the judge did not instruct the jury that they could find the defendant guilty if they found other forms of intercourse involving oral or digital penetration had occurred.  Thus, even if a defendant can create the need for

4

a specific unanimity instruction by himself testifying to sexual acts that the Commonwealth has not described in its case in chief, the judge's instructions precluded any such need in this case.

The defendant also argues that the jury might not have been in agreement about the time at which the defendant and the victim had sex. The defendant testified that he had sex with the victim on the evening of June 1, 2016. The victim's testimony was that the act occurred on the morning of June 2, 2016.

However, this does not require a specific unanimity instruction as, in fact, there was only one incident at issue here, and the defendant and the victim were simply disagreeing about its details. The Commonwealth's theory was a single act of vaginal rape, as the judge explained and the jury slip documented. Both parties agreed that they had intercourse one time during the night in question. The indictment alleged that the crime occurred "on or about the 2nd day of June in the year of our Lord two thousand and sixteen." The Commonwealth in closing portrayed the events as "what went down that night."

In short, the precise time of the intercourse is immaterial and so did not require unanimity. The material question was whether the undisputed single act of intercourse was consensual.

The jury returned a unanimous verdict on that question.

Accordingly, we affirm the defendant's conviction.

Judgment affirmed.

By the Court (Rubin,
  Brennan & Wood, JJ.[1]),

Clerk

Entered:  April 15, 2026.

---

[1] The panelists are listed in order of seniority.